J udge Underwood
delivered the Opinion of the Court.
“Upon a covenant running with the land, which must concern real property or the estate therein, the assignee of the lessee is liable to an action for a breach of covenant committed after the assignment of the. estate to him.” 1 Chitty’s Plead. 55.
Young, as the assignee of McCormick’s lessee, was liable, in the action of debt, for the rent reserved, and which became due, for the use of the premises, after the assignment of thc.whole term to Young.
It is true, that McCormick’s lessee executed notes for the amount of rent reserved, on the day the covenant or lease was entered into. But these notes do not extinguish the rent — “The acceptance, by a landlord, of a bond for rent, is no extinguishment of the. rent, because the rent issuing out of the realty is a debt of as high a nature asa specialty claim.” 1 Chitty’s Plead. 119. It does not appear, that Young parted with the term by assignment after it came to him, so as to discharge himself in any manner.
The covenant contains a promise to pay so much rent quarterly. This covenant in consequence of the privity of estate, bound Young, the assignee of the term.
The declaration sets forth such facts as shew that the plaintiff was entitled to recover; and we think they were substantially proved. We do not perceive any sufficient ground to justify the instruction to find as in case of non-suit.
Judgment reversed, with costs, and cause remanded for a new trial.